**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGYAPAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, Warden, et al.,<br><br>Respondents. | **CASE NO.** 5:26-CV-04276-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.   INTRODUCTION

On July 30, 2026, Petitioner Agyapal Singh ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition").  (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States.  (*See generally id.*)  The Petition names as Respondents Fereti Semaia, Warden of Desert View Facility; David J. Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of DHS; Todd

///

Blanche, Acting Attorney General of the United States ("Respondents").  (*Id.* at 1.[1])  On August 8, 2026, Respondents filed an Answer to the Petition stating that they "are not presenting any opposition argument at this time."  (Ans., ECF No. 7, at 2.)  On August 10, 2026, Petitioner filed his Reply.  (Rep., ECF No. 9.)  In light of Respondents' decision not to oppose the Petition, the Court GRANTS the Petition and ORDERS that Petitioner be released immediately.

## II.    BACKGROUND

The Petition[2] alleges that Petitioner is a thirty-three-year-old native and citizen of India.  (Pet. ¶ 53.)  Petitioner entered the United States without inspection on or around January 18, 2017.  (*Id.* at ¶ 54.)  Upon his arrival, Petitioner was encountered, apprehended, and briefly detained by United States Customs and Border Patrol ("CBP").  (*Id.* at ¶ 55.)  On or about January 28, 2017, Petitioner underwent a credible fear interview and was found to have established a credible fear of persecution or torture.  (*Id.* at ¶ 56.)  On or about January 30, 2017, Petitioner posted an immigration bond in the amount of $3,500 and was released pursuant to 8 U.S.C. § 1226(a).  (*Id.* at ¶ 57.)  Petitioner was not paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5).  (*Id.* at ¶ 58.)  Petitioner was then

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

[2] In support of the Petition, Petitioner attaches the following documents:  (1) a screenshot of EOIR's detention information for Petitioner ("Exhibit 1"); (2) Petitioner's Notice to Appear, Form I-862 ("NTA") dated January 30, 2017 ("Exhibit 2"); (3) Petitioner's Form I-870, Record of Determinable/Credible Fear Worksheet, dated January 30, 2017 ("Exhibit 3"); (4) Petitioner's DHS Form I-286, Notice of Custody Determination, dated January 30, 2017 ("Exhibit 4"); (5) Petitioner's Form I-589, Application for Asylum and for Withholding of Removal, filed with EOIR on or around October 10, 2017, and a subsequent asylum application filed on or around February 7, 2024 ("Exhibit 5"); and (6) a screenshot of EOIR's automated case information for Petitioner ("Exhibit 6").  (Pet., Exs. 1–6, ECF No. 1-1.)

placed in removal proceedings under 8 U.S.C. § 1229a and has remained in those proceedings continuously since 2017.  (*Id.* at ¶ 59.)  On or about October 10, 2017, Petitioner filed an application for asylum with EOIR.  (*Id.* at ¶ 61.)

In 2018, Petitioner received his Employment Authorization Document and has continuously maintained lawful employment authorizations.  (*Id.* at ¶ 62.)  He has worked and paid taxes while awaiting the scheduling of his asylum interview and adjudication of his pending Form I-589, Application for Asylum and for Withholding of Removal.  (*Id.*)  Petitioner has never been arrested for a crime or missed any appointments with ICE or any other agency, has complied with all terms of his conditional parole, and has never been found to constitute a flight risk or a danger to the community.  (*Id.* at ¶¶ 67, 74–75.)

In 2024, Petitioner's removal proceedings were dismissed upon the government's motion.  (*Id.* at ¶ 61.)  Petitioner thereafter filed an affirmative asylum application with United States Citizenship and Immigration Services, which remains pending.  (*Id.* at ¶ 61.)  On or about July 26, 2026, Petitioner was arrested by ICE.  (*Id.* at ¶ 63.)  Petitioner was not provided with a pre-deprivation hearing or notice of the basis for his detention; he was not deemed to be a danger to the community; and the NTA does not designate Petitioner an "arriving alien."  (*Id.* at ¶¶ 64–66.)  Petitioner's removal proceedings have been reopened.  (*Id.* at ¶ 61.)

The Answer does not dispute any of Petitioner's allegations or present any additional facts.  (*See* Ans. 2.)

### III.    PETITIONER'S CLAIMS

Petitioner challenges his detention on four grounds:  (1) Violation of the Fifth Amendment to the United States Constitution (Substantive Due Process— Detention) (Pet. ¶¶ 97–101); (2) Violation of the Fifth Amendment to the United States Constitution (Procedural Due Process—Detention) (*id.* at ¶¶ 102–106); (3) Violation of the Immigration & Nationality Act (*id.* at ¶¶ 107–112); and

(4) Unlawful Seizure and Continued Detention in Violation of 8 U.S.C. § 1357 and 8 C.F.R. §§ 287.3 and 287.8 (*id.* at ¶¶ 113–116).  He seeks, *inter alia*, an order requiring that Respondents release Petitioner within one day and a permanent injunction (1) prohibiting Respondents from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter at which the governments bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community and (2) prohibiting Petitioner's re-detention while Section 240 proceedings are ongoing, including during any direct appeal of proceedings by the immigration judge, absent a change in circumstances.  (*Id.* at 23–24.)  Respondents do not oppose any of Petitioner's requests.  (Ans. 2.)

## IV.   DISCUSSION

The Petition alleges that Petitioner is entitled to release from custody "because his re-arrest following his initial detention and release on bond, without any material change in circumstances, violates his constitutional rights" under the Fifth Amendment and violates the INA, 8 U.S.C. § 1357, and 8 C.F.R. §§ 287.3 and 287.8.  (Pet. ¶ 2; *see also* Pet. ¶¶ 97–116.)  Respondents do not argue otherwise.  (Ans. 2.)

The Petition is granted based on Respondents' non-opposition to the relief sought.  *See Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).  "In our adversarial system of adjudication, we follow the principle of party presentation. . . . '[I]n both civil and criminal cases, in the first instance and on appeal . . . , we rely on the parties to

frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). While exceptions may be made in criminal cases to protect the rights of pro se defendants, "as a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" *Id.* at 375–76 (quoting *Castro v. U.S.*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)) (alteration in original). In fact, the Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions presented by the parties. *Margolin v. Nat'l Ass'n of Immigr. Judges*, 146 S. Ct. 1285, 1288 (2026) (citing *Sineneng-Smith*, 590 U.S. at 375–76).

Here, Respondents are represented by competent counsel, have full access to all the relevant facts concerning Petitioner's detention, and have expressly declined to oppose Petitioner's request for immediate release. If Respondents—those responsible for holding Petitioner in custody—do not put forward any lawful basis to justify that custody, it would violate the party presentation principle for this Court to generate reasons on its own. It is therefore appropriate to grant the relief requested.[3]

---

[3] The Court also notes that Respondents' decision not to oppose the Petition is not baseless. In many recent decisions, courts have granted habeas relief to petitioners in similar circumstances, finding that immigration authorities violated due process by re-detaining, without notice or an opportunity to be heard, noncitizens who had been detained by ICE sometime after entering the United States but were then released from custody. *E.g.*, *Sierra Bernal v. Janecka*, No. 5:26-CV-03116-DMK, 2026 WL 2138827, at *1 (C.D. Cal. July 17, 2026); *Singh v. Janecka*, No. 5:26-CV-01466-AYP, __ F. Supp. 3d __, 2026 WL 1334832, at *2, 6 (C.D. Cal. May 8, 2026).

5

## V.   CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.  The Petition is GRANTED;

2.  Respondents MUST RELEASE **Petitioner Agyapal Singh (A 209-937-367)** from custody within 24 hours of entry of this Order;

3.  Respondents MUST FILE a Notice of Compliance, notifying the Court that Petitioner has been released, no later than three calendar days from the date of this order.  Upon receipt of the Notice of Compliance, the Court will enter judgment accordingly;

4.  Respondents are ENJOINED from re-detaining Petitioner unless his re-detention is ordered at a custody hearing before a neutral arbiter at which Respondents bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community;

5.  Respondents are ENJOINED from re-detaining Petitioner while his Section 240 proceedings are ongoing, including during any direct appeal of proceedings by the immigration judge, absent a change in circumstances; and

6.  Petitioner may seek fees and costs as provided in the Local Rules.

DATED:  August 12, 2026

_____
HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE

6